FILED
Clerk
District Court

FEB 14 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1 | Viola Alepuyo
Attorney-at-Law
2 | 2nd Floor, Lim's Bldg, Oleai
P.O. Box 5506 CHRB
3 | Saipan, MP 96950
(670) 233-8535/8536/8537
4 | (670) 233-8538 fax

5 | *Attorneys for Aniceto T. Ogumoro*

6 | **IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
7 | **NORTHERN MARIANA ISLANDS** CV 08   0010

8 | ANICETO T. OGUMORO,                )        CIVIL ACTION NO. 08-_____
                                      )
9 |          **Plaintiff**             )
                                      )
10|          v.                        )
                                      )
11| **JUAN I.WABOL,** in his personal capacity;)
**EDWARD MANALILI,** in his personal)
12| capacity; **JAMES GUERRERO,** in his)
personal capacity; **CHRISTOPHER LEON**)
13| **GUERRERO,** in his personal capacity; **JESSE**)
**SEMAN,** in his personal capacity;)      **COMPLAINT &**
14| **DEPARTMENT OF PUBLIC SAFETY,** and)      **DEMAND FOR JURY TRIAL**
**Does 1-20,**                        )
15|                                   )
                                      )
16|          **Defendants.**           )
   _____)

17

18|       Plaintiff, Aniceto T. Ogumoro (hereinafter "Mr. Ogumoro") hereby sets forth his Complaint

19| against Defendants as follows:

20|                                    **I.**

21|                        **Jurisdiction and Venue**

22| 1.    The Court has jurisdiction of this matter pursuant to the Covenant to Establish a

23| Commonwealth of the Northern Mariana Islands In Political Union With the United States of

24| America (Covenant) (authorizing Congress to establish this Court), 48 U.S.C. § 1821-22

(establishing this Court and granting it the jurisdiction of a district court of the United States),

1   28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 2201 (declaratory relief) and

2   the Constitution and laws of the United States. The Court has supplemental jurisdiction over

3   the various state claims pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28

4   U.S.C. § 1391(b).

5   **II.**

6   **Parties**

7   2.   Plaintiff, Aniceto T. Ogumoro ("Mr. Ogumoro"), is, and at all relevant times to this action, a

8   resident of Saipan, CNMI and the Director of Police for the Commonwealth of the Northern

9   Mariana Islands ("Commonwealth") Department of Public Safety ("DPS").

10  3.   Defendant Juan I. Wabol ("Defendant Wabol"), on information and belief, was at all times

11  relevant to this action, a resident of Saipan, CNMI, and Acting Commissioner of DPS acting

12  within the scope and course of his employment and under the color of state law.

13  4.   Defendant Edward Manalili ("Defendant Manalili"), on information and belief, was at all

14  times relevant to this action, a resident of Saipan, CNMI, and the Commander of the DPS

15  Criminal Investigation Bureau ("CIB") acting within the scope and course of his employment

16  and under the color of state law.

17  5.   Defendant James Guerrero ("Defendant Guerrero"), on information and belief, was at all times

18  relevant to this action, a resident of Saipan, CNMI, and the Supervisor of DPS CIB acting

19  within the scope and course of his employment and under the color of state law.

20  6.   Defendant Christopher Leon Guerrero ("Defendant "Leon Guerrero"), on information and

21  belief, was at all times relevant to this action, a resident of Saipan, CNMI, and was an

22  Investigator with the DPS CIB acting within the scope and course of his employment and

23  under the color of state law.

24  7.   Defendant Jesse Seman ("Defendant Seman"), on information and belief, was at all times

relevant to this action, a resident of Saipan, CNMI, and a Police Officer of DPS acting within

1    the scope and course of his employment and under the color of state law.

2  8.   The Commonwealth of the Northern Mariana Island Government ("CNMI") is named and

3      sued through its instrumentality Defendant Department of Public Safety ("DPS") which is the

4      governmental entity operating as a police department for the citizens of the CNMI, with its

5      principal place of business on Saipan during all relevant times of this action.

6  9.   Defendant Does and others not presently known to Mr. Ogumoro, upon information and

7      belief, was at all times relevant to this action, residents of the CNMI and employees of the

8      Commonwealth and DPS acting within the scope and course of their employment and under

9      the color of state law.

10                                  **III.**

11                                  **Facts**

12  10.   On February 9, 2006, Defendant Leon Guerrero drafted an Affidavit of Probable Cause in

13       Support of a Search and Arrest Warrant ("Affidavit") for Mr. Ogumoro's brother, Ambrosio

14       T. Ogumoro ("Ambrosio").

15  11.   In support of the Affidavit, Defendant Leon Guerrero, alleged the following concerning Mr.

16       Ogumoro:

17       a.    a family member informed Defendant Leon Guerrero that in early 2000, Ambrosio

18             had various weapons displayed on a table and Mr. Ogumoro was present.

19       b.    on January 2, 1998 CNMI Customs Officers seized a total of two thousand seven

20             hundred and sixty three (2,763) high powered rifle ammunition. That as indicated in

21             the "Customs Logbook" reference Customs Case Number CS 98-02 , Mr. Ogumoro

22             was the intended recipient of the above ammunition coming from the United States

23             mainland.

24       c.    after an assessment of the Ogumoro family compound, a container was seen behind the

             residence of Mr. Ogumoro.

d.    Mr. Ogumoro and Ambrosio lived on the Ogumoro family compound in Capitol Hill.

e.    Mr. Ogumoro is currently employed as a Captain and serving as the Acting Director of Police at the Department of Public Safety (DPS);

12.    Pursuant to the information above, Defendant Leon Guerrero declared under penalty of perjury that based on his training, education and experience, there existed probable cause in support of the issuance of a search warrant for the residence of Mr. Ogumoro, including a cargo container and a bunker located behind Mr. Ogumoro's residence.

13.    On February 9, 2006, as a result of Defendant Leon Guerrero's Affidavit for Ambrosio, a search warrant was issued for the search of Mr. Ogumoro's home including the cargo container next to and a bunker behind Mr. Ogumoro's home.

14.    Pursuant to the above mentioned search warrant, officers from the Department of Public Safety's Criminal Investigation Division, Terrorism Intelligence & Prevention Section (TIPS), Tactical Response Enforcement Team, Commonwealth Ports Authority's Special Response Team (SRT) and the CNMI Customs Services searched Mr. Ogumoro's home with his wife and children present.

15.    On February 11, 2006, Defendant Leon Guerrero executed an Affidavit of Probable Cause in Support of the Issuance of an Arrest Warrant for Mr. Ogumoro.

16.    Defendant Leon Guerrero alleged several different types of weapons were found in Mr. Ogumoro's home and stated Mr. Ogumoro be charged for Illegal Possession of a Firearm and Ammunition, Illegal Carrying of a Firearms and the court set bail at $300,000.

17.    On February 11, 2006, a Warrant of Arrest was issued and Mr. Ogumoro was arrested for Illegal Carrying of a Firearm and bail was set at $300,000.

18.    Mr. Ogumoro was imprisoned and strip searched.

19.    On or about March 15, 2006, David Anthony M. Hosono ("Hosono"), DPS Officer II, previously assigned to the CNMI Armory, executed an Affidavit stating:

a.    that Ambrosio Ogumoro, his former supervisor, requested he look for a document issued when Mr. Ogumoro was issued firearms as a part of his duties at DPS.

b.    that he found the requested document.

c.    that he was concerned about speaking with Ambrosio.

d.    that his concern for speaking to Ambrosio was based on Defendant Wabol calling him to inform him Ambrosio was released from the Department of Corrections and orders from the CNMI Governor was to stay away from Ambrosio and Mr. Ogumoro because they were under surveillance.

20.    The document Hosono produced was a DPS Issuance of Firearms/AMMO Acknowledgment Receipt listing the ammunition and firearms and serial numbers of the firearms found during the search of Mr. Ogumoro's home.

21.    Mr. Ogumoro moved the court for suppression of all evidence found in his home due to lack of probable cause.

22.    On March 28 and 29, 2006, the CNMI Superior Court held a hearing and granted Mr. Ogumoro's request to suppress all evidence pursuant to *Franks v. Delaware*.

23.    During the hearing, Mr. Ogumoro requested the court issue a bench warrant for Defendant Wabol for failing to appear pursuant to a Summons to testify at the hearings.

24.    During a chamber's conference, the Commonwealth attorney objected to the arrest of Defendant Wabol and alleged the Commonwealth had a confidential informant that the court could not compel to testify at the hearing.

25.    Mr. Ogumoro clarified the request for the bench warrant was for Defendant Wabol's failure to appear pursuant to a Summons, not an arrest of a confidential informant.

26.    The Commonwealth again insisted that the arrest of Defendant Wabol and ultimate testimony during the hearing would, in effect, force a confidential informant to testify before his identity was revealed. The court informed the parties a bench warrant would issue if and when

1   Defendant Wabol was still not in court when his name was called as a witness.

2   27.   On April 17, 2006, the CNMI Superior Court issued its written order suppressing all evidence

3   obtained during the search of Mr. Ogumoro's home for lack of probable cause.

4   28.   On May 17, 2006, the Commonwealth filed a Notice of Appeal of the Superior Court's

5   decision.

6   29.   On December 1, 2006, the Commonwealth filed a Motion to Dismiss with Prejudice the

7   appeal in the CNMI Supreme Court and in the Superior Court the criminal case against Mr.

8   Ogumoro because they were not convinced sufficient evidence existed to prove the charges set

9   forth in Criminal Case No. 06-0038B.

10   30.   On December 5, 2006, the Superior Court dismissed with prejudice *CNMI v. Aniceto*

11   *Ogumoro*, Criminal Case No. 06-0038B.

12   31.   On December 18, 2006, the Supreme Court issued their order of dismissal of the

13   Commonwealth's appeal.

14                                    **IV.**

15                              **Causes of Action**

16                                 **COUNT 1**

17                        Violations of 42 U.S.C. §1983 (Arrest)

18   32.   Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through

19   31 above with the same force and effect as if herein set forth.

20   33.   At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. §§ 1983,

21   1985, 1986 and 1989.

22   34.   Acting under the color of law, Defendants worked a denial of Mr.Ogumoro's rights, privileges

23   or immunities as secured by the United States Constitution or by Federal law, to wit:

24   a.   by depriving Mr. Ogumoro of his liberty without due process of law, by taking him into

custody and holding him there against his will.

b.      by making an unreasonable search and seizure of his property without due process of law.

c.      by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Mr. Ogumoro equal protection of laws.

d.      by refusing or neglecting to prevent such deprivations and denials to Mr. Ogumoro, thereby depriving him of his rights, privileges and immunities as guaranteed by Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

35.   Defendant Leon Guerrero relied on information from as early as 1998 and the familial relationship of Mr. Ogumoro to Ambrosio as probable cause for the unlawful search of Mr. Ogumoro's home and eventual arrest.

36.   As a result, on Saturday, February 11, 2006, Mr. Ogumoro was arrested at his home in front of his wife and children.

37.   At no time during his arrest did Mr. Ogumoro try to resist arrest or disrespect any of the officers present at his home during his arrest.

38.   Mr. Ogumoro, was then brought to the Department of Corrections where he was strip searched, processed and incarcerated.

39.   On Monday, February 13, 2006, Mr. Ogumoro was brought to the CNMI Superior Court and paraded in front of his wife and children as well as numerous family members, friends, community members and the media in handcuffs, in custody and wearing an orange jumpsuit.

40.   During the February 13, 2006 bail hearing, the court required Mr. Ogumoro's property, posted in lieu of cash bail, be appraised to ensure it was worth equal to or more than his bail.

41.   As such, Mr. Ogumoro was remanded back to the Department of Corrections.

42.   On February 14, 2006, upon meeting all of the court's pretrial release conditions, Mr. Ogumoro was released from the Department of Corrections.

43.   Mr. Ogumoro had to appear in court several more times, as required by the court's pretrial release condition.

44. Ultimately, the case against Mr. Ogumoro was dismissed.

45. As a result of their concerted unlawful and malicious arrest by Defendant Leon Guerrero and several unnamed and undetermined Defendants, Mr. Ogumoro was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

46. WHEREFORE, Mr. Ogumoro demands judgment for the false arrest against all the Defendants jointly and severally, for actual, general, special, compensatory damages in an amount to be proven at trial and further demands judgment against each of said Defendants jointly and severally for punitive damages in an amount to be proven at trial, plus the cost of this action, including attorney's fees and such other relief to be just and equitable.

## COUNT 2

### VIOLATIONS OF 42 U.S.C. §1983: DETENTION AND CONFINEMENT

47. Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 46above with the same force and effect as if herein set forth.

48. As a result of their concerted unlawful and malicious detention and confinement of Mr. Ogumoro, Defendants deprived Mr. Ogumoro of both his rights and liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

49. WHEREFORE, Mr. Ogumoro demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, compensatory damages in an amount to be proven at trial and further demands judgment against each of said Defendants jointly and severally, for punitive damages in an amount to be proven at trial, plus the costs of this action,

1  including attorney's fees, and such other relief deemed to be just and equitable.

2  **COUNT 3**

3  <u>VIOLATIONS OF U.S.C. 1983: STRIP SEARCH</u>

4  50.  Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs

5  1 through 49above with the same force and effect as if herein set forth.

6  51.  As a result of their concerted unlawful and malicious arrest, detention, and confinement of Mr.

7  Ogumoro, Defendants caused Mr. Ogumoro to be subjected in the Department of Corrections to

8  a strip search of his body, in a situation where there was no reason to believe that weapons and

9  contraband had been concealed on or in his body, and thus deprived Mr. Ogumoro of both his

10  rights and liberty without due process of law and his right to equal protections of the laws, and

11  the due course of justice was impeded, in violations of the Fourth, Fifth, Ninth, and Fourteenth

12  Amendments of the Constitutions of the United States and 42 U.S.C. §1983.

13  52.  WHEREFORE, Mr. Ogumoro demands judgment for the bodily strip search against all the

14  Defendants jointly and severally, for actual, general, special, compensatory damages in an amount

15  to be proven at trial and further demands judgment against each of said Defendants jointly and

16  severally, for punitive damages in an amount to be proven at trial, plus costs of this action,

17  including attorney's fees and such other relief deemed to be just and equitable.

18  **COUNT 4**

19  <u>VIOLATION OF 42 U.S.C. §1983: CONSPIRACY</u>

20  53.  Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs

21  1 through 52 above with the same force and effect as if herein set forth.

22  54.  As a result of their concerted unlawful and malicious conspiracy of all Defendants, Mr. Ogumoro

23  was deprived of both his liberty without due process of law and his right to equal protection of

24  the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth

1  Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 and 1985.

2  WHEREFORE, Mr. Ogumoro demands judgment of the conspiracy against all the Defendants

3  jointly and severally, for actual, general, special, compensatory damages in an amount to be

4  proven at trial and further demands judgment against each of said Defendants jointly and severally

5  for punitive damages in an amount to be proven at trial, plus the costs of this action, including

6  attorney's fees and such other relief deemed to be just and equitable.

7  **COUNT 5**

8  VIOLATIONS OF 42 U.S.C. §1983: REFUSING OR NEGLECTING TO PREVENT

9  55.  Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs

10  1 through 54 above with the same force and effect as if herein set forth.

11  56.  At all times relevant to this Complaint, Defendants as police officers of DPS were acting under

12  the direction and control of Defendants Wabol, Manalili, Guerrero and John Does.

13  57.  Acting under color of law and pursuant to official policy or custom, Defendants Wabol, Manalili,

14  Guerrero and John Does knowingly, recklessly, or with gross negligence failed to instruct,

15  supervise, control, and discipline on a continuing basis Defendant police officers in their duties

16  to refrain from:

17  a.  unlawfully and maliciously harassing a citizen who was acting in accordance with his

18  constitutional and statutory rights, privileges, and immunities;

19  b.  unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was

20  acting in accordance with his constitutional and statutory rights, privileges, and

21  immunities;

22  c.  conspiring to violate the rights, privileges, and immunities guaranteed to Mr. Ogumoro

23  by the Constitution and laws of the United States and the laws of the Commonwealth of

24  the Northern Mariana Islands; and

1      d.    otherwise depriving Mr. Ogumoro of his constitutional and statutory rights, privileges,
2           and immunities.

3  58.  Defendants Wabol, Manalili, Guerrero and John Does had knowledge or, had they diligently
4  exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should
5  have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to
6  be committed.

7  59.  Defendants Wabol, Manalili, Guerrero and John Does had the power to prevent or aid in
8  preventing the commission of said wrongs, could have done so by reasonable diligence, and
9  knowingly, recklessly, or with gross negligence failed or refused to do so.

10  60.  Defendants Wabol, Manalili, Guerrero and John Does directly or indirectly, under color of law,
11  approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of
12  Defendant police officers heretofore described.

13  61.  As a direct and proximate cause of the negligent and intentional acts of Defendants Wabol,
14  Manalili, Guerrero and John Does as set forth in above mentioned paragraphs, Mr. Ogumoro
15  suffered physical injury, loss of income, and severe mental anguish in connection with the
16  deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth
17  Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

18  WHEREFORE, Mr. Ogumoro demands judgment against all the Defendants jointly and severally,
19  for actual, general, special, compensatory damages in an amount to be proven at trial and further
20  demands judgment against each of said Defendants, jointly and severally, for punitive damages
21  in an amount to be proven at trial, plus the costs of this action, including attorney's fees, and such
22  other relief deemed to be just and equitable.

23  **COUNT 6**

24  <u>MALICIOUS PROSECUTION</u>

62.   Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 61 above with the same force and effect as if herein set forth.

63.   Defendants instituted criminal process against the plaintiff with malice:

    a.   Defendants Wabol, Manalili, Guerrero, Leon Guerrero, Seman and John Does played an active part in the initiation of the criminal proceedings.

    b.   Defendant Leon Guerrero played an active part in the initiation of the criminal proceedings against Mr. Ogumoro by failing to conduct follow up investigation on information provided to him from 1998 and 2000.

64.   The charges against Mr. Ogumoro were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Mr. Ogumoro was guilty.

65.   Defendants Wabol, Manalili, Guerrero, and John Does had a duty to ascertain whether there was reasonable and probable cause for a prosecution, to wit, knowing that Mr. Ogumoro was a Captain at DPS and therefore had supervisory duties, a complete check of the Armory records would have revealed the serial numbers of the firearms and ammunition signed out to Mr. Ogumoro were the same firearms seized during the search of Mr. Ogumoro's home.

66.   Defendants Wabol, Manalili, Guerrero and John Does breached their duty.

67.   The criminal proceeding terminated in favor of the Mr. Ogumoro when the assistant Attorney General filed, and the court granted dismissal of all charges against Mr. Ogumoro.

68.   Defendants Wabol, Manalili, Guerrero and John Does are liable under the doctrine of *respondeat superior*.

WHEREFORE, Mr. Ogumoro demands judgment against all Defendants for actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

//

1  //

2  **COUNT 7**

3  <u>MALICIOUS ABUSE OF PROCESS</u>

4  69.  Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs

5  1 through 68 above with the same force and effect as if herein set forth.

6  70.  Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was

7  not designed or intended, or which was not the legitimate purpose of the particular process

8  employed.

9  71.  Defendants Wabol, Manalili, Guerrero and John Does knew or should have known Mr. Ogumoro,

10  pursuant to his supervisory role, was issued firearms and ammunition in his role as Boating Safety

11  Commander.

12  72.  Defendants Wabol, Manalili, Guerrero and John Does failed to properly supervise Defendant

13  Leon Guerrero to verify at the DPS Armory whether in fact Mr. Ogumoro was ever issued

14  firearms and ammunition.

15  73.  Defendants Wabol, Manalili, Guerrero and John Does failed to properly supervise Defendant

16  Leon Guerrero to conduct follow up investigation of information used in the Affidavit for

17  probable cause for Mr. Ogumoro's search of his home and ultimate arrest.

18  74.  Defendants Wabol, Manalili, Guerrero and John Does knew or should have known the Affidavit

19  and Information was groundless and they sought to use the process for an ulterior purpose,

20  including, but not limited to, the purpose of aiding Leon Guerrero in furthering their attempt to

21  discredit and destroy Mr. Ogumoro's reputation by searching his home and ultimately arresting

22  him.

23  75.  Defendants Wabol, Manalili, Guerrero and John Does are liable under the doctrine of *respondeat*

24  *superior*.

WHEREFORE, Mr. Ogumoro demands judgment against all Defendants for actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 8

### VIOLATION OF CIVIL RIGHTS UNDER CNMI CONSTITUTION

76. Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 75 above with the same force and effect as if herein set forth.

77. At all times relevant herein, the conduct of all Defendants were subject to the Civil Rights under the CNMI Constitution.

78. Defendants interfered with or attempted to interfere by threats, intimidation, or coercion with Mr. Ogumoro's exercise and enjoyment of his rights -- e.g., his rights to his liberty, his right to individual privacy, and his right to due process -- secured by the state and federal constitutions or laws of the United States and/or the CNMI.

79. Thus, under color of state, Mr. Ogumoro's rights guaranteed by the Constitution of the CNMI, including but not limited to his rights under Article I, Section 5 to due process of law, equal protection under Article I, Section 6 and his right to individual privacy under Article I, Section 10.

80. As a direct and proximate result of the conduct of the Defendants, Mr. Ogumoro was intimidated and put in continuing anxiety and has suffered damages including but not limited to the aforesaid damages.

WHEREFORE, Mr. Ogumoro demands judgment against Defendants for actual, special, compensatory and punitive damages, and attorney's fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

//

//

## COUNT 9

### FALSE ARREST AND IMPRISONMENT

81.  Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 80 above with the same force and effect as if herein set forth.

82.  At all times relevant herein, (a) the Defendants acted with the intention of confining Mr. Ogumoro within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Mr. Ogumoro was conscious of the confinement.

83.  Defendants Wabol, Manalili, Guerrero, Leon Guerrero, Seman and John Does, under the color of state law, imposed by force or threats an unlawful restraint upon Mr. Ogumoro's freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to the Department of Corrections where he was detained in a cell.

84.  Then, under the color of state law, Defendants Wabol, Manalili, Guerrero, Leon Guerrero, Seman and John Does caused the unlawful imprisonment and consequential strip-search of Mr. Ogumoro in the Department of Corrections.

85.  As a direct and proximate result of the conduct of the Defendants, Mr. Ogumoro suffered harm and damages including but not limited to the aforesaid damages.

86.  Defendants Wabol, Manalili, Guerrero, and John Does are liable under the doctrine of *respondeat superior*.

WHEREFORE, Mr. Ogumoro demands judgment against all Defendants for actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 10

### BATTERY

87. Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 86 above with the same force and effect as if herein set forth.

88. Without the consent of Mr. Ogumoro, Defendants John Doe intentionally, harmfully, and offensively touched Smith by handcuffing him.

89. Without the consent of Mr. Ogumoro, Defendants John Doe indirectly caused Defendants John Doe to intentionally, harmfully, and offensively touched Mr. Ogumoro when strip-searching at the Department of Corrections.

90. Defendants Defendants Wabol, Manalili, Guerrero, John Does are liable under the doctrine of *respondeat superior*.

WHEREFORE, Mr. Ogumoro demands judgment against Defendants for actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 11

<u>CONSPIRACY</u>

91. Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 90 above with the same force and effect as if herein set forth.

92. All the Defendants (a) had an object to be accomplished; (b) had an agreement on the object or course of action; (c) performed one or more unlawful overt acts; and (d) caused Mr. Ogumoro damages that were a direct result of those acts.

93. In furtherance of their object, defendants did two or more overt acts against the plaintiffs. Those unlawful overt acts include, but are not limited to, the following:

   a.   Defendants Wabol, Manalili, Guerrero, Leon Guerrero, Seman and John Does strategized and devised a plan on how to search and ultimately arrest Mr. Ogumoro based on lack of probable cause and drummed up charges against Mr. Ogumoro.

b.      Mr. Leon Guerrero relied on information provided to him based on actions from 1998 and 2000 as justification for probable cause to search Mr. Ogumoro's home and ultimately to his arrest.

c.      Defendants Wabol, Manalili, Guerrero, Seman and John Does knew or should have known that Defendant Leon Guerrero had intentionally used information over six (6) years old and failed to conduct follow up investigation as necessary to establish probable cause for the charges against Mr. Ogumoro.

94.    The Defendants agreed that the object or course of action was to arrest, detain, and confine Mr. Ogumoro without probable cause, and maliciously charge and prosecute him with crimes.

95.    Defendants Wabol, Manalili, Guerrero and John Does are liable under the doctrine of *respondeat superior*.

96.    Mr. Ogumoro suffered harm and damages that are a direct result of those acts.

WHEREFORE, Mr. Ogumoro demands judgment against all Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 12

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97.    Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 96 above with the same force and effect as if herein set forth.

98.    Defendants intentionally and deliberately inflicted emotional distress on Mr. Ogumoro by maliciously prosecuting Mr. Ogumoro, or by abusing the lawful process by unlawful purpose, or by violating Mr. Ogumoro's constitutional rights, or by falsely arresting and imprisoning Mr. Ogumoro, by conspiring against Mr. Ogumoro, or by interfering with Mr. Ogumoro's state civil

rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

99. The acts of Defendants were willful, maliciously outrageous, extreme, beyond all possible bounds of decency and utterly intolerable in a civilized community, and deliberate and purposefully with the intention to inflict emotional distress upon Mr. Ogumoro.

100. The actions of the Defendants were the cause of Mr. Ogumoro's distress.

101. Mr. Ogumoro is a reasonable man.

102. The emotional distress sustained by Mr. Ogumoro was severe and of a nature that no reasonable man could be expected to endure.

103. As a result of the Defendants' extreme and outrageous conduct, Mr. Ogumoro was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

104. Defendants Wabol, Manalili, Guerrero and John Does are liable under the doctrine of *respondeat superior*.

105. As a result of the Defendants' extreme and outrageous conduct, Mr. Ogumoro has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Mr. Ogumoro demands judgment, including interest, jointly and severally against all Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT 13

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

106. Mr. Ogumoro repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 105 above with the same force and effect as if herein set forth.

107. Defendants continually negligently inflicted emotional distress on Mr. Ogumoro.

108. Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on Mr. Ogumoro.

109. Defendants breached their duties to Mr. Ogumoro.

110. Mr. Ogumoro never interfered with the Defendants' obligations under the above-described duties.

111. Mr. Ogumoro suffered mentally as a consequence of the abovementioned Defendants' breach of their duty.

112. Mr. Ogumoro was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

113. Defendants Wabol, Manalili, Guerrero and John Does are also liable under the doctrine of *respondeat superior*.

114. As a result of the Defendants' negligent conduct, Mr. Ogumoro has suffered and will continue to suffer pain, anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Mr. Ogumoro demands judgment, including interest, jointly and severally against all Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ogumoro prays for relief as follows:

a.    For general, consequential, statutory, special and compensatory damages and costs.

b.    For punitive damages in an amount to be proven at trial.

c.    For prejudgment interest as allowed by law.

d.    For attorneys fees and costs of suit.

e.    For such other and further relief as the Court may deem appropriate.

# VI.

## JURY DEMAND

Mr. Ogumoro demands a jury trial on each claim for relief.

Respectfully submitted this 10th day of February, 2008.

_/s/ Viola Alepuyo_
Viola Alepuyo, Esq.
Attorney for Plaintiff Aniceto T. Ogumoro