Braddock J. Huesman
T#00047
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:   (670) 664-2341
Fax:              (670) 664-2349

Attorney for Defendants Department of Public Safety,
Jauan I. Wabol, Edward Manalili, James Guerrero,
Christopher Leon Guerrero and Jesse Seman.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANICETO T. OGUMORO,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>JUAN I. WABOL, in his personal capacity, EDWARD MANALILI, in his personal capacity, JAMES GUERRERO, in his personal capacity, CHRISTOPHER LEON GUERRERO, in his personal capacity, JESSE SEMAN, in his personal capacity, DEPARTMENT OF PUBLIC SAFETY, and Does 1-20,<br><br>　　　　Defendants. | CIVIL ACTION NO. 08-0010<br><br>**DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[FED. R. CIV. P. 12(b)(6) & 12(e)]**<br><br>Date:　　　　May 22, 2008<br>Time:　　　　9:00 a.m.<br>Judge:　　　　Hon. Alex R. Munson |

LA/576564v1

**MOTIONS**

Defendants Juan I. Wabol ("Defendant Wabol"), Edward Manalili ("Defendant Manalili"), James Guerrero ("Defendant Guerrero"), Christopher Leon Guerrero, ("Defendant Leon Guerrero"), Jesse Seman, ("Defendant Seman"), and the Department of Public Safety ("DPS") (collectively "DPS Defendants") move to dismiss Plaintiff Aniceto T. Ogumoro's ("Mr. Ogumoro") Complaint in the above entitled action on the grounds that Mr. Ogumoro has failed to state a claim upon which relief can be granted. In the alternative, Defendants request this Court order Mr. Ogumoror to refile his complaint in a more understandable form. Defendants submit this motion pursuant to 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure.

**FACTS**

The Facts in this case are dispersed in the fact section and in the different counts for relief. Further, the petition references many documents but attaches none of them. As culled from the pleading, however, Plaintiff, Mr. Ogumoro, is an officer with the Department of public safety. On February 9, 2006, Defendant Guerrero drafted an Affidavit of Probable Cause in support of a Search and Arrest Warrant for plaintiff's brother. Plaintiff and his brother live on the same family compound. The Search and Arrest Warrant included plaintiff's home and property. On February 9, 2006, officers of the Department of Public Safety searched plaintiff's home and property and found different types of weapons and ammunition. On February 11, 2006, plaintiff was arrested and subsequently strip searched for illegally carrying a firearm. On February 13, 2006 plaintiff received a bail hearing and was released the next day.

Although it is never directly stated in the petition, plaintiff, apparently, received at least some of the weapons and ammo that formed the basis of his arrest from the DPS Armory. It is unclear from the pleadings why the weapons were removed from the Armory or why the weapons were at a private residence. Plaintiff moved to suppress the evidence found at his home.

LA/576564v1

Apparently, although subpoenaed, Defendant Wabol did not appear at the *Franks* hearing on suppression of the evidence. For reasons not made clear in the pleading, the evidence found at plaintiff's home was suppressed by the Commonwealth courts and the charges against Mr. Ogumoro were dropped. No documents that support the claim were attached to the pleading.

## STANDARD OF REVIEW

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the non-moving party.[1] Legal conclusions, however, need not be taken as true "'merely because they are cast in the form of factual allegations.'"[2]

Dismissal under Federal Rule12(b)(6) is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3] Dismissal is warranted where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.[4] In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged."[5] "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights

---

[1] *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir.1996).

[2] *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987) (quoting *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)) (in parenthesis); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

[3] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

[4] *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Doe I v. The Gap, Inc.*, No. CV-01-0031, 2001 WL 1842389 *1 (D.N.Mar. I. Nov. 26, 2001).

[5] *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

violations are not sufficient to withstand a motion to dismiss."[6]  While only requiring a short and plain statement of the claim, FRCP 8(a)(2) is not such a liberal requirement that purely conclusory statements can survive a motion to dismiss under Rule and 12(b)(6).[7]

## OVERVIEW

Plaintiff filed a lawsuit that: is a shotgun pleading; seeks relief against all defendants even if relief isn't available; fails to allege a proper complaint; alleges facts in both the fact section and the desperate counts for relief; and contains claims asserting multiple counts under multiple theories making it almost indecipherable.  Further, some individual claims state that Ogumoro was deprived of multiple rights accorded to him under multiple amendments or statutes without, in some cases, naming the statute or incorrectly naming the statute.   Even if plaintiff had pled his claims correctly they should still be dismissed.  In the alternative, however, DPS Defendants ask this court to order plaintiff to refile the complaint to comport with Rule 8.

## ARGUMENT

**I.      Equal Protection is not a substantive right and Mr. Ogumoro failed to plead he was similarly situated.  Therefore, his 1983 claims with respect to equal protection must be dismissed.  Counts 1-5 & 8.**

Throughout his complaint, Mr. Ogumoro repeatedly claims he was denied equal protection.[8]  Generally, every constructional claim in Mr. Ogumoro's complaint deals with the deprivation of equal protection in some manner.   Because of the reasons indicated below, Mr. Ogumoro has failed to state a claim for relief under the N.M.I.[9] or U.S. Constitutions for violation of his right to equal protection under the law.

Federal law requires that "a litigant complaining of a violation of a constitutional

---

[6] *Ivey v. Bd of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[7] *Miller v. Continental Airlines*, 260 F.Supp.2d 931, 935 (N.D. Cal. 2003).

[8] *See generally,* COMPLAINT AND DEMAND FOR JURY TRIAL, counts: 1-5 & 8.

[9] *See Sablan v. Board of Elections,* 1 CR 741 (Dist. Ct. App. Div. 1983); *Taitano v. NMI Softball Ass'n., Civ.* Action No. 93-356 (NMI Super. Ct. Feb 2, 1994)(Order granting Defendants' Motion for Summary Judgment at 12).

right . . . utilize 42 U.S.C. § 1983."[10]  Section 1983 requires that plaintiff prove that: "(1) a person acting under the color of state law committed the conduct at issue; and (2) the conduct deprived the Plaintiff of some right protected by the Constitution or laws of the United States."[11]  Equal protection under the Fifth Amendment, however, guarantees no substantive rights or liberties "but rather a [procedural] right to be free from invidious discrimination in statutory classifications and other governmental activity. It is well settled that where a statutory classification does not itself impinge on a right or liberty protected by the Constitution, the validity of classification must be sustained unless "the classification rests on grounds wholly irrelevant to the achievement of [any legitimate governmental] objective."[12]

There is a significant difference between this suit and that of a normal section 1983 equal protection suit.  In the usual case, section 1983 requires a plaintiff to allege that similarly situated persons who are not in the same protected class as the plaintiff and were treated differently.[13]  Mr. Ogumoro didn't assert this.[14]   In the Complaint, there isn't a single allegation contained in the entire document that indicates Mr. Ogumoro was treated differently based on his membership in a class.

Remember, "[d]iscrimination cannot exist in a vacuum; it can be found only in the unequal treatment of people in similar circumstances."[15] As Mr. Ogumoro does not allege that he was selected or treated differently,[16] there is no similar situation alleged in Mr. Ogumoro's complaint.   Because of these reasons, the equal protection component of all of Mr. Ogumoro's

---

[10]   *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).

[11]   *Seed v. Hudson*, No. CIV. A. 93-00081994, WL 229096 at *6 (D.N. Mar. I. May 11, 1994) (citing *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir.1988)); *see also Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that mere negligence cannot form the basis of a Fourteenth Amendment violation actionable under § 1983).

[12]   *Harris v. McRae,* 448 U.S. 297, 322, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980).

[13]   *See Ventura Mobile Home Communities Owners Ass'n v. City of San Buena Ventura,* 371 F.3d 1046, 1055 (9th Cir.2004); *Lee v. City of Los Angeles,* 250 F.3d 668, 687 (9th Cir.2001); *see also City of Cleburne v. Cleburne Living Cntr.,* 473 U.S. 432, 439 (1985)

[14]   *See generally* Complaint and Demand for Jury Trial.

[15]   *See, e.g., Freeman v. City of Santa Ana,* 68 F.3d 1180, 1187 (9th Cir.1995) (citing *Attorney General v. Irish People, Inc.,* 684 F.2d 928, 946 (D.C.Cir.1982)

[16]   *See generally,* Complaint and Jury Demand.

counts must be dismissed.

**II.     DPS Is Not a Person For Purposes of 1983.  Counts 1-5**

The Commonwealth and its officers acting in their official capacity are not persons under section 1983.[17] Thus, naming the "Commonwealth of the Northern Mariana Islands Government … through its instrumentality Defendant Department of Public Safety" ignores well established Ninth Circuit law on the matter.  Plaintiff's federal claims against the CNMI through the DPS must be dismissed.

**III. Counts 3 & 10 Should Be Dismissed—Statute of Limitations.**

While section 1983 is a federal law, it has a state component.  When determining whether a cause of action was filed in time, courts look to the law of the state in which the cause of action arose to find the length of the statute of limitations.[18]  Thus, the CNMI personal injury statue of limitations governs Mr. Ogumoro's claims.[19]

Mr. Ogumoro's claims for alleged battery and unreasonable strip search stem from his arrest on February 11, 2006.  In the Commonwealth, the statute of limitations for actions brought for battery, or against a police officer is two years.[20]  Mr. Ogumoro filed his petition on February 14, 2008.  This is more then two years after his the strip search and alleged battery, thus, his claims are out of time and should be dismissed.

**IV.     Stripped of the Equal Protection Component, the remaining Due Process claims of Count I should be dismissed**

Plaintiff states multiple causes of action in Count 1 that include a redundant due process claim, a conspiracy claim and an allegation of an equal protection violation.  Although the equal

---

[17]  *De Nieva v. Reyes*, 966 F.2d 480, 483 (9th Cir.1992) ("Neither the [Commonwealth] nor its officers acting in their official capacity can be sued under § 1983.")

[18]  *Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

[19]  *Azer v. Connell,* 306 F.3d 930, 935 (9th Cir.2002).

[20]  7 CMC § 2503.

LA/576564v1

protection and conspiracy claims should be dismissed for the reasons stated above, the Due Process claims present a comprehension problem for DPS Defendants. For example, plaintiff claims his substantive due process right to be free from an unreasonable search and seizure (Fourth Amendment) was violated. Additionally, plaintiff states another claim under the Fourth Amendment as well as claims under the Fifth and Fourteenth Amendments. DPS Defendants believe the second Fourth Amendment claim to be redundant while the Fifth and Fourteenth Amendment claims are for procedural due process. It is, however, a bit unclear. Taken as a whole, however, these claims amount to an allegation that the DPS Defendants improperly arrested plaintiff. Thus, for a plaintiff to claim an unlawful arrest, he must plead and prove that the arrest occurred without probable cause or other justification.[21] Mr. Ogumoro has failed to do this.

From examining Mr. Ogumoro's complaint, it is clear that he is unhappy that he was arrested, held over for trial and subject to criminal proceedings. Further, it is clear that he feels that it was illegitimate to subject him to the criminal proceedings in the first place. What is not clear and not alleged in his pleading is how this was illegitimate. In place of facts, DPS Defendants must guess as to why the arrest was illegitimate.

For example, Mr. Ogumoro does not allege that anyone lied in swearing out an affidavit or that the search and arrest warrant were invalid. Instead Mr. Ogumoro alleges that "Defendant Leon Guerrero relied on information from as early as 1998 and the familial relationship of Mr. Ogumoro to Ambrosio as probable cause for the unlawful search of Mr. Ogumoro's home and eventual arrest." Even if this is true, and plaintiff did not attach any documents to cooberate this statement, it is unclear how these facts failed to provide justification. Moreover, even if the facts plead were enough to state a claim, and they are not, they are not sufficient to overcome qualified

---

[21] *Dubner v. City and County of San Francisco*, 266 F.3d 959,964-965 (9th Cir. 2001).

immunity.

Each of the individual officers is entitled to qualified immunity.  Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation."[22]  The privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." As a result, "[the U.S. Supreme Court has] repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation."[23]  The Supreme Court has held that the denial of a claim of qualified immunity is immediately appealable under the collateral order doctrine.[24]

In an action for unlawful arrest pursuant to a facially valid warrant, a police officer is entitled to qualified immunity unless "no officer of reasonable competence would have requested the warrant."[25]   Immunity will only be lost where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable.[26]  Mr. Ogumoro never alleged that the warrant was not facially valid or alleged any nonconclusory facts that support an inference that the warrant was facially invalid.  Because of these facts, plaintiff's first count should be dismissed.

**V.     Stripped of the Equal Protection Component, the remaining Due Process claims of Count II should be dismissed.**

Plaintiff's complaint in Count 2 repeats and realleges Count 1.  It also contains both equal protection and due process claims.  As the equal protection claims must be dismissed as stated above, this leaves plaintiff with a due process claim for unlawful detention.

Mr. Ogumoro's claim for unlawful detention should be dismissed for similar reasons to

---

[22]   *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).
[23]   *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam).*
[24]   *Mitchell,* 472 U.S. at 526.
[25]   *Malley v. Briggs*, 475 US 335, 345-346 (1986).
[26]   *Mills v. Graves*, 930 F.2d 729, 731 (9th Cir. 1991).

his Count I due process claim. In a Fourteenth amendment claim that an unlawful detention denied a plaintiff due process, the plaintiff must state that, like a false arrest claim, the warrant lacked probable cause.[27] In *Baker* the Supreme Court stated that the Fourteenth Amendment protects one against the deprivation of liberty accomplished without due process.[28] Therefore, if the officers who issued the warrant did it with probable cause, the only requisite is that the detainee be guaranteed a speedy trial.[29]

As noted above, Mr. Ogumoro has not alleged that anyone lied in swearing out an affidavit or that the search and arrest warrant were invalid. Without a clear reason as to why the affidavit and arrest warrant were invalid, Mr. Ogumoro fails to state a claim. Similarly to the reasons stated in the section discussing Count 1, even if plaintiff alleged sufficient facts to support a claim, the doctrine of qualified immunity bars plaintiff's claims.

**VI.  Without an Underlying §1983 Violation, Plaintiff May Not Allege a §1985 Action on the Same Pled Facts. Therefore, Mr. Ogumoro's Fourth Count should be dismissed.**

As demonstrated above, Mr. Ogumoro failed to state a claim under equal protection or due process regarding his claims of false arrest, unlawful detainment and strip search. The absence of a section 1983 deprivation of rights precludes a section 1985[30] conspiracy claim predicated on the same allegations.[31] The Ninth Circuit precludes plaintiffs from bringing conspiracy claims for violating equal protection and due process when there is no underlying

---

[27] *Baker v. McCollan*, 443 US 137, 146 (1979) (plaintiff was mistaken for someone else and held in jail for three days but the court ruled that the detention was not unlawful).

[28] *Id.*

[29] *Id.*

[30] Plaintiff's conspiracy claims, although alleged in two separate counts, are alleged in every count after Count 1 because of the way plaintiff chose to plead. Moreover, the conspiracy claims in Count 4 are incorrectly labeled as an action under section 1983.

[31] *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 739 (9th Cir.1987) (citing *Dooley v. Reiss,* 736 F.2d 1392, 1395 (9th Cir.), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984)).

violation of equal protection and due process.[32]  As demonstrated above, Mr. Ogumoro cannot show that the DPS Defendants' acts "deprived [him] of some right protected by the Constitution or laws of the United States."[33]  Further, even if the Ninth Circuit allowed Mr. Ogumoro to state a claim for conspiracy, and it does not, he has failed to do so.

When pleading a conspiracy a "plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights."[34]  Conspiracy allegations must be supported by material facts and not merely conclusory statements.[35]  "Vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy."[36]  This heightened pleading standard no longer applies to civil rights actions in general,[37] but it does still apply to conspiracy claims.[38]

The heightened pleading standard requires that a conspiracy claim must be pled with particularity as to which defendants conspired, how they conspired and how the conspiracy led to a deprivation of plaintiff's constitutional rights.[39]  Mr. Ogumoro's pleadings fail to meet this standard and, therefore, should be dismissed.

**VII.  Without an Underlying §1983 Violation, Plaintiff May Not Allege supervisor liability.  Therefore, Mr. Ogumoro's Fifth Count should be dismissed.**

Turning now to Mr. Ogumoro's Fifth Count for supervisor liability, it is clear that it is improperly alleged as to all DPS Defendants.  As there can be no supervisor liability for individuals who are not supervisors, the claims against the DPS Defendants in nonsupervisory

---

[32] *See, e.g., Id.*
[33] *Seed*, 1994 WL 229096 at *6 (citing *Leer*, 844 F.2d at 632-33).
[34] *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir. 19889) (citing *Fonda v. Gray,* 707 F.2d 435 (9th Cir. 1983))
[35] *Lockary v. Dayfetz,* 587 F.Supp. 631 (N.D. Cal. 1984).
[36] *Ivey,* 673 F.2d at 268.
[37] *see Galbraith v. County of Santa Calara,* 307 F.3d 1119, 1126 (9th Cir. 2002)
[38] *Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 929 (9th Cir.2004).
[39] *See Harris v. Roderick,* 126 F.3d 1189, 1196 (9th Cir. 1997).

roles should be dismissed. Further the claims against the supervisors should be dismissed as well.

A "supervisor may be liable under section 1983 only if there exists either: (1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[40] There is a distinction between a state actor's individual and official capacity when determining liabilities.[41] Namely, a state actor's individual liability "hinges upon his participation in the deprivation of constitutional rights."[42] "Supervisory liability is imposed against a supervisory official in his individual capacity for his 'own culpable action or inaction in the training, supervision, or control of his subordinates.'"[43] By necessity, however, in order for liability to attach to Defendants Wabol, Manalili, and Guerrero, they must have participated in a constitutional deprivation.[44] As Mr. Ogumoro has failed to state a claim, he cannot demonstrate that he has suffered a constitutional violation. Consequently, he has failed to state a claim for supervisor liability and the Fifth Count must be dismissed.

**VIII.   28 U.S.C. 1347(c) Allows Dismissal of Plaintiff's Remaining State Claims. Therefore, Ms. Park's remaining state claims should be dismissed without prejudice.**

Mr. Ogumoro's remaining state law claims should be dismissed outright as they are alleged constitutional violations (or causes of action with the same requirements, i.e. malicious prosecution) which fail to state a claim or they are negligence actions which fail to state a claim.[45]

---

[40]   *Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir.2001).

[41]   *Larez v. City of Los Angeles,* 946 F.2d 630, 645 (9th Cir.1991).

[42]   *Id.*

[43]   *Id.* (quoting *Clay v. Conlee,* 815 F.2d 1164, 1170 (8th Cir.1987)).

[44]   *Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir.2001).

[45]   The Restatement (Second) of Torts Section 313 only allows for recovery of damages resulting from unintended emotional distress in situations where the actor's negligent conduct resulted in bodily harm or the risk of

28 U.S.C. § 1367(c), however, provides that district courts may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  In the absence of federal question or diversity jurisdiction, it is within the Court's discretion to decline to exercise supplemental jurisdiction and to dismiss Mr. Ogumoro's remaining claims based upon local law without prejudice pursuant to 28 U.S.C. § 1367(c).[46]  Even if this court were to find that there is any question that Mr. Ogumoro has any valid local law claims, these claims would involve novel questions of local law.  Accordingly, the first three, if not all four factors contained in the statute would militate in favor of dismissing Mr. Ogumoro's local law claims without prejudice.  This would allow these local law questions, which predominate, to be decided in the first instance by the local courts.

## Motion For A More Definite Statement

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."[47]  While the Federal Rules allow a court to dismiss a cause of action for failure to state a claim upon which relief can be granted, they also require all pleadings to be construed so as to do substantial justice.  Thus, if this Court is not inclined to grant DPS Defendants' Motion to Dismiss, DPS Defendants ask this Court

---

bodily harm. There is no claim that Mr. Ogumoro suffered any physical harm, rather his claim states that "Mr Ogumoro suffered mentally as a consequence of the abovementioned Defendants' breach of duty."  This claim is improperly plead but may be left to a state court.

[46] *See Dyack v. Northern Mariana Islands,* 317 F.3d 1030, 1037-38 (9th Cir. 2003); *Bryan v. Adventist Health Sys./West,* 289 F.3d 1162, 1169 (9th Cir. 2002).

[47] Fed.R.Civ.P. 8(a).

order plaintiff to reform his complaint.

Specifically, plaintiff's complaint, although specific at times, is generally vague. In fact, it is difficult to understand what, specifically, plaintiff complains of besides he was arrested and subject to criminal prosecution. As mentioned in the motion to dismiss there are gaps in the pleading that render it defective and an order requiring plaintiff to provide a more definite statement would clarify the matter.

A motion for a more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot frame a responsive pleading.[48] In the complaint, plaintiff alleged facts that are so vague and ambiguous or, in some cases nonexistent, that DPS Defendants cannot file a responsive pleading. Specifically, and in addition to the problems enumerated in the Motion to Dismiss, plaintiff has not alleged: under which statue(s) DPS Defendants arrested plaintiff (i.e., what sections of the code did Defendants allege plaintiff violated); how the search or arrest warrants were defective; if the search or arrest warrants were falsified; how Officer Hosono's affidavit is related to plaintiff's claim; or the basis for the CNMI Superior Court's order suppressing the search warrant.

Further, plaintiff failed to provide DPS Defendants or this Court any documents on which he is basing his claims, such as the order suppressing the evidence found at plaintiff's home. These failures, along with the shotgun nature of the complaint, make it difficult to understand plaintiff's claims.

"Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."[49] "[S]hotgun pleadings wreak

---

[48] Fed.R.Civ.P. 12(e).

[49] *In re Metropolitan Securities Lit.,* 532 F.Supp.2d 1260, 1279 (E.D. Wash., 2007) *citation ommitted*.

havoc on the judicial system."[50] Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.[51]

In the case of Mr. Ogumoro's pleadings DPS Defendants are left to figure out which facts pled go to which complaint. For example, plaintiff has two conspiracy claims, however, the state law claim which comes later has alleged more facts then the federal claim which appears earlier in the pleading. Moreover, because of the style of the pleadings plaintiff has alleged a deficient equal protection conspiracy in every single count. Although this makes little logical sense, it is how the claims were pled.

What is more likely is that certain facts are relevant to certain claims but not that all facts and all claims are relevant to all claims. Moreover, Mr. Ogumoro has pled some facts in the fact section and some facts in the disparate counts. This forces DPS Defendants to hunt through all the claims to piece together the plaintiff's claims. It is not DPS Defendants' burden to interpret plaintiff's claims, rather it is plaintiff's responsibility to put together a well-pled document to which, the DPS Defendants can respond. A well-pled document will narrow the issues, save judicial resources and allow for a faster resolution of this case. For these reasons, if this Court denies DPS Defendants' dismissal motion, we ask the Court to grant the Motion for a More Definite Statement.

**CONCLUSION**

WHEREFORE, based upon the foregoing, this honorable Court should grant, in whole or in part, DPS Defendants' Motion to Dismiss or in the alternative Motion for a More Definite Statement and that all costs be taxed to Mr. Ogumoro.

---

[50] *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir.2001).
[51] *Wagner v. First Horizon Pharmaceutical Corp.,* 464 F.3d 1273, 1279 (11th Cir. 2006).

LA/576564v1

Respectfully submitted
Monday, April 14, 2008
OFFICE OF THE ATTORNEY GENERAL

_____*/S/*_____
Braddock Huesman, T#00047

**CERTIFICATE OF SERVICE**

I certify that a copy of Defendants' Motion to Dismiss was served on Viola Alepuo, who is the attorney in charge for plaintiff, Mr. Ogumoro, and whose address is PO Box 5506, CHRB, Saipan, MP 96950, (670) 233-8535, by electronic filing on April 14, 2008.

\_\_*/s/*_____
Braddock J. Huesman

_____

LA/576564v1

-14-