F I L E D
Clerk
District Court

MAY 22 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

ANICETO T. OGUMORO,

    Plaintiff,

v.

JUAN I. WABOL, *et al.*,

    Defendants.

Civil Action No. 08-0010

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS MATTER came before the Court on Thursday, May 22, 2008 for hearing of Defendants' motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative for a more definite statement pursuant to Rule 12(e). Defendants appeared through their attorney Braddock J. Huesman. Plaintiff failed to appear. Having carefully reviewed the Defendants' brief and the relevant legal authority, and good cause appearing, the Court hereby GRANTS the motion without prejudice. Plaintiff shall have 10 days from the date of this order to amend the complaint.

## BACKGROUND

This case arises out of the alleged unlawful arrest of Plaintiff Aniceto T. Ogumoro. On February 9, 2006, a search and arrest warrant was issued for Plaintiff's brother, Mr. Ambrosio Ogumoro. (Comp. ¶ 10.) The search warrant included Plaintiff's home where Plaintiff's brother also lived. (*Id.* ¶ 13.) Several weapons were found during the subsequent search and on February 11, 2006, an additional arrest warrant was issued for Plaintiff for carrying illegal firearms. (*Id.* ¶17.) Plaintiff was then arrested, strip-searched, and detained. (*Id.* ¶ 20.) On April 17, 2006, the Superior Court of the Commonwealth of the Northern Mariana Islands

1  ("CNMI") ordered all of the evidence obtained during the search of Plaintiff's residence
2  suppressed for lack of probable cause. (*Id.* ¶ 17.) On December 5, 2006, the case was dismissed
3  with prejudice. (*Id.* ¶ 30.)
4      On February 14, 2008, Plaintiff filed a civil action in this Court against the Department
5  of Public Safety ("DPS"), and DPS employees Juan I. Wabol, Edward Manalili, James Guerrero,
6  Christopher Leon Guerrero, and Jesse Seman (collectively, "Defendants"). The complaint
7  asserts violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985, and
8  1986, as well as supplemental common law claims. On April 14, 2008, Defendants moved to
9  dismiss the complaint for failure to state a claim, or in the alternative for a more definite
10 statement. Plaintiff Ogumoro failed to respond to the motion. The Court will discuss additional
11 specific facts as required in the analysis.

## ANALYSIS

**A.    Rule 12(b)(6) Legal Standard.**[1]

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, as stated recently by the Supreme Court, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). Although a complaint need not set forth "detailed factual allegations" it must plead "enough

---

[1] The Court notes that this Court's local rules provide that a party's failure to file an opposition to a motion "may be deemed an admission that the motion is meritorious." LR 7.1(c)(2). In an abundance of caution for due process, the Court has reviewed the merits of the motion in spite of Plaintiff's failure to respond.

facts to state a claim to relief that is plausible on its face." *Id.* at 1964, 1974. If a complaint is found to fail to state a claim, courts generally grant leave to amend unless the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**B.    The Complaint Fails to State a Claim.**

Plaintiff Ogumoro asserts claims for violation of 42 U.S.C. §§ 1983, 1985, 1986 and various common law claims. To establish a valid 1983 claim, a plaintiff must show: "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988); 42 U.S.C. § 1983.

Here, Plaintiff alleges that he was deprived of (1) his Fourth Amendment right to be free from unreasonable searches and seizures; (2) his Fifth and Fourteenth Amendment right to due process of law; and (3) his Fourteenth Amendment right to equal protection of the laws. (Comp. at 6–9.) All of the alleged deprivations are based on the following factual allegations: (1) a search warrant was issued for Plaintiff's residence; (2) several weapons were found in Plaintiff's residence; (3) an arrest warrant was issued for Plaintiff; (4) both warrants were based on Defendant Guerrero's sworn affidavits; (5) Defendant Guerrero's affidavits "relied on information from as early as 1998 and the familial relationship of [Plaintiff] to [his brother]."; and (6) the CNMI Superior Court suppressed all of the evidence found in Plaintiff's residence. (Comp. ¶¶ 12–22, 35.) In sum, the complaint only alleges that search and arrest warrants were issued based on sworn affidavits and that those warrants were executed. The complaint concludes that Defendants' "conduct" was unreasonable and unlawful but fails to articulate what conduct was unreasonable or explain even cursorily how or why that conduct was unreasonable. Conclusory allegations of law are not sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1965.

In addition, the complaint does not allege any facts regarding the alleged violation of

Plaintiff's right to equal protection of the laws, the alleged conspiracy to deprive Plaintiff of his constitutional rights, or the alleged failure to prevent such a conspiracy. In sum, the complaint fails to allege facts sufficient to support a Section 1983, 1985 or 1986 claim.

Accordingly, the motion is GRANTED without prejudice with respect to Counts 1–5 of the complaint.[2]

Finally, because all federal causes of action have been dismissed, the Court declines to exercise jurisdiction over the remaining common law claims. Accordingly, the motion to dismiss the remaining claims is GRANTED without prejudice.

## CONCLUSION

The complaint fails to allege facts sufficient to state a claim upon which relief can be granted. Accordingly, the motion to dismiss is GRANTED without prejudice. Plaintiff Ogumoro shall have 10 days from the date of this order to amend the complaint.

**IT IS SO ORDERED.**

Dated: 5-22-08

ALEX R. MUNSON
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Defendants assert multiple additional arguments in their motion that may be additional grounds for dismissing some of the claims and/or Defendants. However, because the Court finds that the dearth of factual allegations is sufficient grounds for granting this motion, it will not address those arguments at this time.