Braddock J. Huesman
F#00367
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:    (670) 664-2341
Fax:          (670) 664-2349

Attorney for Defendants Department of Public Safety,
Jauan I. Wabol, Edward Manalili, James Guerrero,
Christopher Leon Guerrero and Jesse Seman.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANICETO T. OGUMORO,<br><br>    Plaintiff,<br><br>vs.<br><br>JUAN I. WABOL, in his personal capacity, EDWARD MANALILI, in his personal capacity, JAMES GUERRERO, in his personal capacity, CHRISTOPHER LEON GUERRERO, in his personal capacity, JESSE SEMAN, in his personal capacity, and Does 1-20,<br><br>    Defendants. | CIVIL ACTION NO. 08-0010<br><br>**DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[FED. R. CIV. P. 12(b)(6) & 12(e)]**<br><br>Date:    Sep. 4, 2008<br>Time:    8:30 a.m.<br>Judge:   Hon. Alex R. Munson |

LA/576564v1

-i-

**MOTIONS**

Defendants Juan I. Wabol ("Defendant Wabol"), Edward Manalili ("Defendant Manalili"), James Guerrero ("Defendant Guerrero"), Christopher Leon Guerrero, ("Defendant Leon Guerrero"), and Jesse Seman, ("Defendant Seman") (collectively "DPS Defendants") move to dismiss Plaintiff Aniceto T. Ogumoro's ("Mr. Ogumoro") complaint in the above entitled action on the grounds that Mr. Ogumoro has failed to state a claim upon which relief can be granted. Defendants also request this Court order Mr. Ogumoro to refile his complaint in a more understandable form. Defendants submit this motion pursuant to 12(b) (6) and 12(e) of the Federal Rules of Civil Procedure.

**FACTS**

Plaintiff, Mr. Ogumoro, is an officer with the Department of public safety. On February 9, 2006, Defendant Guerrero drafted an Affidavit of Probable Cause in support of a Search and Arrest Warrant for plaintiff's brother. Plaintiff and his brother live on the same family compound. The Search and Arrest Warrant included plaintiff's home and property. On February 9, 2006, officers of the Department of Public Safety searched plaintiff's home and property and found different types of weapons and ammunition. On February 11, 2006, plaintiff was arrested and subsequently strip searched for illegally carrying a firearm. On February 13, 2006 plaintiff received a bail hearing and was released the next day.

Plaintiff, apparently, received at least some of the weapons and ammo that formed the basis of his arrest from the DPS Armory. It is unclear from the pleadings why the weapons were removed from the Armory or why the weapons were at a private residence for over a year. Plaintiff moved to suppress the evidence found at his home. Apparently, although subpoenaed, Defendant Wabol did not appear at the *Franks* hearing on suppression of the evidence. The evidence found at plaintiff's home was suppressed by the Commonwealth courts and the charges

against Mr. Ogumoro were dropped.

## STANDARD OF REVIEW

In reviewing a Federal Rule of Civil Procedure 12(b) (6) motion to dismiss, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the non-moving party.[1]  Legal conclusions, however, need not be taken as true "'merely because they are cast in the form of factual allegations.'"[2]

Dismissal under Federal Rule 12(b)(6) is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3] Dismissal is warranted where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.[4] In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged."[5]  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."[6]  While only requiring a short and plain statement of the claim, FRCP 8(a)(2) is not such a liberal requirement that purely

---

[1]  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir.1996).

[2]  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987) (quoting *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)) (in parenthesis); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

[3]  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

[4]  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Doe I v. The Gap, Inc.*, No. CV-01-0031, 2001 WL 1842389 *1 (D.N.Mar. I. Nov. 26, 2001).

[5]  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

[6]  *Ivey v. Bd of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

conclusory statements can survive a motion to dismiss under Rule and 12(b)(6).[7]

**OVERVIEW**

Plaintiff filed a lawsuit that: is a shotgun pleading; seeks relief against all defendants even if relief isn't available; fails to allege a proper complaint; and contains claims asserting multiple counts under multiple theories.  Further, some individual claims state that Ogumoro was deprived of multiple rights accorded to him under multiple amendments or statutes.   Even if plaintiff had pled his claims correctly they should still be dismissed.  Moreover, DPS Defendants ask this court to order plaintiff to refile the complaint to comport with Rule 8.

**ARGUMENT**

**I.   Equal Protection is not a substantive right and Mr. Ogumoro failed to plead he was similarly situated.  Therefore, his 1983 claims with respect to equal protection must be dismissed.  Counts 1-5 & 8.**

Throughout his complaint, Mr. Ogumoro repeatedly claims he was denied equal protection.[8]  Generally, every constructional claim in Mr. Ogumoro's complaint deals with the deprivation of equal protection in some manner.   Because of the reasons indicated below, Mr. Ogumoro has failed to state a claim for relief under the N.M.I.[9] or U.S. Constitutions for violation of his right to equal protection under the law.

Federal law requires that "a litigant complaining of a violation of a constitutional right . . . utilize 42 U.S.C. § 1983."[10]  Section 1983 requires that plaintiff prove that: "(1) a person acting under the color of state law committed the conduct at issue; and (2) the conduct deprived the Plaintiff of some right protected by the Constitution or laws of the United States."[11] Equal protection under the Fifth Amendment, however, guarantees no substantive rights or

---

[7] *Miller v. Continental Airlines*, 260 F.Supp.2d 931, 935 (N.D. Cal. 2003).

[8] *See generally,* FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL, counts: 1-5 & 8.

[9] *See Sablan v. Board of Elections,* 1 CR 741 (Dist. Ct. App. Div. 1983); *Taitano v. NMI Softball Ass'n., Civ.* Action No. 93-356 (NMI Super. Ct. Feb 2, 1994)(Order granting Defendants' Motion for Summary Judgment at 12).

[10] *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).

[11] *Seed v. Hudson*, No. CIV. A. 93-00081994, WL 229096 at *6 (D.N. Mar. I. May 11, 1994) (citing *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir.1988)); *see also Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that mere negligence cannot form the basis of a Fourteenth Amendment violation actionable under § 1983).

LA/576564v1

-3-

liberties "but rather a [procedural] right to be free from invidious discrimination in statutory classifications and other governmental activity. It is well settled that where a statutory classification does not itself impinge on a right or liberty protected by the Constitution, the validity of classification must be sustained unless 'the classification rests on grounds wholly irrelevant to the achievement of [any legitimate governmental] objective.'"[12]

There is a significant difference between this suit and that of a normal section 1983 equal protection suit. In the usual case, section 1983 requires a plaintiff to allege that similarly situated persons who are not in the same protected class as the plaintiff and were treated differently.[13] Mr. Ogumoro didn't assert this.[14] In the Complaint, there isn't a single allegation contained in the entire document that indicates Mr. Ogumoro was treated differently then another similarly situated individual. Rather, Mr. Ogumoro believes that he had always received ill treatment due to his ancestry, but it is clear from the pleadings that this is not the reason he was fired. Instead of racial animus, Mr. Ogumoro alleges that he was arrested because he was in competition with one of the defendants for DPS Commissioner.[15]

Remember, "[d]iscrimination cannot exist in a vacuum; it can be found only in the unequal treatment of people in similar circumstances."[16] As Mr. Ogumoro does not allege that he was selected differently,[17] there is no similar situation alleged in Mr. Ogumoro's complaint. Instead, Mr. Ogumoro alleges he was targeted *because he was a threat to a fellow employee's aspirations*, not because of his race. While if true, and the DPS Defendants plan to dispute this

---

[12] *Harris v. McRae,* 448 U.S. 297, 322, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980).

[13] *See Ventura Mobile Home Communities Owners Ass'n v. City of San Buena Ventura,* 371 F.3d 1046, 1055 (9th Cir.2004); *Lee v. City of Los Angeles,* 250 F.3d 668, 687 (9th Cir.2001); *see also City of Cleburne v. Cleburne Living Cntr.,* 473 U.S. 432, 439 (1985)

[14] *See generally* FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL.

[15] *Id.* at ¶ 94 ("Defendants Wabol, Manalili, Guerrero, Leon Guerrero and John Does Conspired between and amongst themselves to directly and indirectly use their position with DPS *to remove Mr. Ogumoro from DSP in order to eliminate Defendant Wabol's competition for the DPS Commissionership*.") (emphasis added).

[16] *See, e.g., Freeman v. City of Santa Ana,* 68 F.3d 1180, 1187 (9th Cir.1995) (citing *Attorney General v. Irish People, Inc.,* 684 F.2d 928, 946 (D.C.Cir.1982)

[17] *See generally,* COMPLAINT AND JURY DEMAND.

allegation, such an act is a serious infraction on plaintiff's due process rights, it is not an incidence, however, of racial discrimination redressable by the equal protection clause. Because of these reasons, the equal protection component of all of Mr. Ogumoro's counts must be dismissed.

## II.   Count 3 Should Be Dismissed—Statute of Limitations.

While section 1983 is a federal law, it has a state component. When determining whether a cause of action was filed in time, courts look to the law of the state in which the cause of action arose to find the length of the statute of limitations.[18] Thus, the CNMI personal injury statue of limitations governs Mr. Ogumoro's claims.[19]

Mr. Ogumoro's claims for unreasonable strip search stem from his arrest on February 11, 2006. In the Commonwealth, the statute of limitations for actions brought for battery, or against a police officer is two years.[20] Mr. Ogumoro filed his original petition on February 14, 2008. This is more then two years after his the strip search, thus, his claims are out of time and should be dismissed.

## III.   Without an Underlying §1983 Equal Protection Violation, Plaintiff May Not Allege a §1985 Action on the Same Pled Facts. Therefore, Parts of Mr. Ogumoro's Fourth Count should be dismissed.

As demonstrated above, Mr. Ogumoro failed to state a claim under equal protection regarding his claims of false arrest, unlawful detainment and strip search. The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim[21] predicated on the

---

[18] *Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

[19] *Azer v. Connell,* 306 F.3d 930, 935 (9th Cir.2002).

[20] 7 CMC § 2503.

[21] Plaintiff's conspiracy claims, although alleged in two separate counts, are alleged in every count after Count 1 because of the way plaintiff chose to plead.

same allegations.[22]  As demonstrated above, Mr. Ogumoro cannot show that the DPS Defendants' acts "deprived [him] of some right protected by the Constitution or laws of the United States."[23]

**Motion For A More Definite Statement**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."[24]  While the Federal Rules allow a court to dismiss a cause of action for failure to state a claim upon which relief can be granted, they also require all pleadings to be construed so as to do substantial justice.  While plaintiff has reformed several of his claims, they are still in "shotgun form."  This shotgun format makes it difficult to form a responsive pleading and a motion for a more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot frame a responsive pleading.[25]  Thus, the DPS Defendants request this Court order plaintiff to refile his complaint.

"Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."[26]  "[S]hotgun pleadings wreak havoc on the judicial system."[27]  Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.[28]

Unless the court requires a repleader under Rule 12(e) a shotgun complaint will, invariably, lead to a shotgun answer.  Where, as here, each count incorporates every antecedent allegation by reference, the DPS Defendants' affirmative defenses will not respond to a particular

---

[22] *Cassettari v. Nevada County, Cal.,* 824 F.2d 735, 739 (9th Cir.1987) (citing *Dooley v. Reiss,* 736 F.2d 1392, 1395 (9th Cir.), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984)).

[23] *Seed*, 1994 WL 229096 at *6 (citing *Leer*, 844 F.2d at 632-33).

[24] Fed.R.Civ.P. 8(a).

[25] Fed.R.Civ.P. 12(e).

[26] *In re Metropolitan Securities Lit.,* 532 F.Supp.2d 1260, 1279 (E.D. Wash., 2007) *citation ommitted*.

[27] *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir.2001).

[28] *Wagner v. First Horizon Pharmaceutical Corp.,* 464 F.3d 1273, 1279 (11th Cir. 2006).

LA/576564v1

cause of action but, instead, to the complaint as a whole.  Such disjointed pleadings can make it difficult, if not impossible, for a court to set the boundaries for discovery.[29]  Hence, the likelihood of a discovery dispute is high and resolving it can be time consuming.  If the court does not intervene and require the parties to narrow the issues, the discovery disputes continue unabated- until a motion for summary judgment or a pretrial conference brings them to a halt.  At that point, the court will be confronted with the time-consuming tasks of discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient.  This can be avoided with a simple order to refile the complaint without its shotgun components.

In the case of Mr. Ogumoro's pleadings DPS Defendants are left to figure out which facts pled go to which complaint.  For example, plaintiff has two conspiracy claims, however, the state law claim which comes later has alleged more facts then the federal claim which appears earlier in the pleading.  Moreover, because of the style of the pleadings plaintiff has alleged a deficient equal protection conspiracy in every single count.  Although this makes little logical sense, it is how the claims were pled.

What is more likely is that certain facts are relevant to certain claims but not that ***all facts and all claims*** are relevant to every subsequent claim.  This forces DPS Defendants to hunt through all the claims to piece together the plaintiff's claims.  It is not DPS Defendants' burden to interpret plaintiff's claims, rather it is plaintiff's responsibility to put together a well-pled document to which, the DPS Defendants can respond.  A well-pled document will narrow the issues, save judicial resources and allow for a faster resolution of this case.  For these reasons, we ask the Court to grant the Motion for a More Definite Statement.

---

[29] *Byrne v. Nezhat*  261 F.3d 1075, 1129 (11th Cir. 2001)

LA/576564v1

# CONCLUSION

WHEREFORE, based upon the foregoing, this honorable Court should grant, in whole or in part, DPS Defendants' Motion to Dismiss and Motion for a More Definite Statement and that all costs be taxed to Mr. Ogumoro.

Respectfully submitted
Friday, June 27, 2008
OFFICE OF THE ATTORNEY GENERAL

*/S/*
Braddock Huesman, F#00367

# CERTIFICATE OF SERVICE

I certify that a copy of Defendants' Motion to Dismiss was served on Viola Alepuo, who is the attorney in charge for plaintiff, Mr. Ogumoro, and whose address is PO Box 5506, CHRB, Saipan, MP 96950, (670) 233-8535, by electronic filing on June 27, 2008.

*/s/*
Braddock J. Huesman